UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OMAR PEREZ, Petitioner | CIVIL ACTION NO. 1:17-CV-908-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Omar Perez ("Perez") (#11160-010). Perez is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Perez challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I.  Background

Perez was arrested by state authorities in Arkansas. While in state custody, Perez was charged with numerous federal offenses in the Western District of Arkansas. (5:12-cr-50071, W.D. Ark.). The United States filed a petition for a writ of habeas corpus ad prosequedum, which was granted by the magistrate judge. (5:12-mj-5037; W.D. Ark.; Doc. 2). Perez was then "borrowed" by federal authorities for prosecution. Perez entered a guilty plea to distribution of methamphetamine, and he

was sentenced to 110 months of imprisonment. (5:12-cr-50071, W.D. Ark.; Doc. 30). After sentencing, Perez was returned to state custody. (Doc. 6-1, p. 3).

Perez challenged the computation of his sentence through the BOP's administrative process. Perez's sentence was updated to apply prior custody credit from October 24, 2012, through August 28, 2013, as that time had not been applied to Perez's state sentence. (Doc. 6-1, p. 3).

II. Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). At the time of Perez's sentencing, the federal court did not order that Perez's federal sentence run concurrently with the future state sentences. Because the judgment was silent, the sentences are presumed to run consecutively.

Title 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. The BOP recently updated Perez's sentence computation to apply prior custody credit from October 24, 2012,

2

through August 28, 2013, as that time had not been applied to Perez's state sentence. However, the time from September 9, 2012, through October 23, 2012, and August 29, 2013, through November 25, 2015, was credited against Perez's state sentence. Therefore, Perez cannot also receive credit for that time toward his federal sentence.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Perez's § 2241 petition be denied and dismissed with prejudice, as Perez has received all the credit to which he is entitled.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge